THOMAS J. HALL v. PITTSBURG, C. C. & ST. L. RY.

1. REMEDY OF ABUTTER NOT ADJACENT TO STREET OBSTRUCTION BUT INJURING HIS EASEMENT IS CONDEMNATION.

   The remedy of one injured in his business by the construction of railway tracks in a street, such damages not being personal in character but resulting from a taking or impairment of his easement therein, is under Sec. 6448 Rev. Stat. to compel condemnation and not under Sec. 3283 Rev. Stat.

2. INCONVENIENCE COMMON TO GENERAL PUBLIC NOT ENJOINABLE.

   The construction of railway tracks in, and consequent raising of, the grade of a street, not impairing the immediate access to the lot of a dealer in coal and sand, will not be enjoined because of his being compelled to haul heavy loads over the obstruction thus created, the inconvenience being, of the same kind, though different in degree, from that suffered by the general public.

3. CONTINUING NUISANCE IN STREET MAY BE ENJOINED.

   The mode of construction of railway tracks in a street, causing the mouth of a sewer to be closed up, the gutters filled in and water turned into the middle of the street, and causing gulleys in front of plaintiff's lot, materially interfering with his access thereto, constitutes a continuing nuisance for which he has no adequate remedy at law, and injunction will issue.

APPEAL from Hamilton common pleas court.

**Stephens, Lincoln & Stephens,** for plaintiff.

**Maxwell & Ramsey,** for defendant.

GIFFEN, J.

The plaintiff who is lessee with the privilege of purchase of a cer-

Hall v. Railway.

tain lot of land abutting on Ludlow street in the city of Cincinnati, seeks to enjoin the defendant from constructing and maintaining certain railroad switches across Ludlow street at the intersection of Front street, and avers in substance that Ludlow street has a descending grade from Front street to the Ohio river and that the tracks already laid, and others to be laid, being considerably above the grade of the street, will cut off his ingress and egress to and from his lot with teams and wagons loaded with coal, sand and gravel in which he deals.

It is manifest that the damages he would sustain are not personal in character, but result from a taking or impairment of his easement in the street; hence he could not, as claimed by counsel for defendant, bring an action under Sec. 3283 Rev. Stat., but the remedy would, if damages were asked, be under Sec. 6448 Rev. Stat., to compel condemnation.   *Lawrence Ry.* v. *O'Harra,* 50 Ohio St. 667 [36 N. E. Rep. 14]; *Cincinnati & R. Ry.* v. *Campbell,* 51 Ohio St. 328 [37 N. E. Rep. 266].

Until private property thus threatened with injury is appropriated according to law the remedy may be by injunction.   *Scioto Val. Ry.* v. *Lawrence,* 38 Ohio St. 41 [43 Am. Rep. 419].

The difficulty arises in determining whether the inconvenience the plaintiff will suffer differs in kind from that of the general public, and not only in degree.

The proposed construction is not adjacent to his lot, but about 150 feet north of it, and he also has access to his lot through Lawrence street. The evidence shows that the tracks will inconvenience him, not by impairing immediate access to his lot, but in hauling heavy loads up the grade of Ludlow street and over the obstruction; but the same inconvenience, though less in degree, will be suffered by the public using the street for a like purpose.   So far therefore as the tracks themselves as located will constitute an interference with his hauling on Ludlow street, the plaintiff would not be entitled to an injunction.   *Kinnear Mfg. Co.* v. *Beatty,* 65 Ohio St. 264 [62 N. E. Rep. 341; 87 Am. St. Rep. 600].

But it appears also from the testimony that, by the mode of construction, the mouth of the sewer has been closed up, the gutters filled in, whereby the water is allowed to flow in the middle of the street, causing gullies therein in front of plaintiff's lot.   That the west side of the street adjacent to such lot has been filled in about two feet, by all of which the access to the plaintiff's lot is materially impaired.   These acts of the defendant are not wholly unnecessary to a proper laying of the tracks, but are specifically forbidden by the city ordinance under

which it is acting, and constitute a continuing nuisance to plaintiff for which he has no adequate remedy at law. The defendant will therefore be enjoined from so constructing and maintaining the tracks as to divert the flow of surface water from the gutters into the middle of the street, and from maintaining the fill and change of grade of the street in front of plaintiff's lot. Permission is granted to the plaintiff to file the amendment to the petition heretofore submitted.

**Swing** and **Smith, JJ.,** concur.